UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CASPER BOLDEN,               :
                             :
    Petitioner,              :
                             :  PRISONER
V.                           :  Case No. 3:06-CV-1255 (RNC)
                             :
CONNECTICUT DEPARTMENT       :
OF CORRECTIONS,              :
                             :
    Respondent.              :

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty in state court to charges relating to the sale of narcotics and was sentenced to a term of imprisonment of fifteen years, execution suspended after five years, which he is currently serving. For the reasons that follow, the petition is dismissed.

Petitioner claims various constitutional violations all of which allegedly occurred before he pleaded guilty. Specifically, he claims that police subjected him to an illegal search, his attorney refused to permit him to testify, failed to call certain witnesses and failed to vigorously cross-examine others, and the prosecutor improperly charged him with additional crimes shortly before jury selection and committed other kinds of misconduct. A "voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred

before the defendant pleaded guilty." Haring v. Prosise, 462 U.S. 306, 319-20 (1983). Such claims are barred because they are relevant only to the issue of guilt, which is clearly established by the entry of a guilty plea. See id. at 321. When a habeas petitioner's conviction rests on a guilty plea, therefore, the "focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence" of prior constitutional violations. Id. at 320 (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)); see also United States v. Garcia, 339 F.3d 116, 117 (2d Cir. 2003). Petitioner does not claim that his guilty plea was other than knowing and voluntary. Accordingly, his petition fails to allege a basis for federal habeas relief.

Moreover, the petition makes it clear that petitioner has not exhausted available state remedies.[1] State prisoners may obtain federal habeas review only after they properly exhaust whatever state remedies are available to them. See 28 U.S.C. § 2254(b)(1)(A); Woodford v. Ngo, 126 S.Ct. 2378, 2386-87 (2006); Jimenez v. Walker, 458 F.3d 130, 148-49 (2d Cir. 2006). The purpose of the exhaustion requirement is "to protect the state courts' role in the enforcement of federal law and prevent

---

[1] The petition states that petitioner did not appeal from the judgment of conviction or sentence, and has not filed any petition, application or motion relating to his conviction or sentence in state court. See Pet. ¶ 11, 17.

2

disruption of state judicial proceedings." <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). To exhaust state remedies, a petitioner must conduct "one complete round of the State's established appellate review process" regarding the factual and legal substance of his federal constitutional claims. <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999); <u>see also</u> <u>Cotto v. Herbert</u>, 331 F.3d 217, 237 (2d Cir. 2003).

Connecticut law ordinarily requires a criminal defendant to file a direct appeal of a conviction within twenty days of the pronouncement of sentence. <u>See</u> Conn. R. App. P. § 63-1(b). However, petitioner can request leave to file an untimely appeal. <u>See</u> <u>State v. Reid</u>, 277 Conn. 764, 778 (2006). Alternatively, he can file a state habeas petition at any time. <u>See</u> <u>Summerville v. Warden</u>, 229 Conn. 397, 428 & n.15 (1994). In any event, he cannot pursue a habeas petition in federal court unless and until he first exhausts his state remedies.

For the foregoing reasons, the petition is hereby dismissed. The Clerk is directed to close the case.

So ordered this 25th day of February 2007.

                                        /s/
                                Robert N. Chatigny
                        United States District Judge